IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In re:  John K. Underwood, III, and<br>        Marilyn Jade Underwood, | ✯ | Chapter 7 |
|         Debtors. | ✯ | Case No. 17-30503 JPS |
| John K. Underwood, III, | | |
|         Plaintiff, | ✯  ✯  ✯  ✯  ✯ | |
| v. | | |
| Midland Funding LLC, as Assignee of HSBC<br>Bank of Nevada, N.A., and Cooling & | ✯ | Adversary Proceeding No. |
| Winter, LLC,        , | ✯ | _____ |
|         Defendants. | | |

# COMPLAINT

1.

This is an action for recovery of aggregate payments made to a creditor within the 90 day preference period found in 11 United States Code § 547 (a).

2.

The debtor and plaintiff herein, filed his voluntary Chapter 7 petition in the United States Bankruptcy Court for the Middle District of Georgia on April 30, 2017, which case was assigned case no. 17-30503 JPS.  Jurisdiction of this proceeding is conferred by 28 U.S.C. §§157 and 1334.

3.

This proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and this action is a core proceeding pursuant to 28 U.S.C. §157.   In this action Plaintiff is not seeking relief for any non-core claims he has or had against either defendant.

4.

The debtor herein as plaintiff is entitled to proceed in this manner pursuant to 11 U.S.C. § 522 (h) because the transfer in question could have been avoided by the trustee under section 544, 545, 547, 548, 549, or 724 (a) of Title 11; and the trustee did not attempt to avoid such transfer.

5.

The plaintiff avers that venue lies in this district pursuant to section 1391(b) of Title 28 of the United States Code.

**Parties**

6.

The Plaintiff is a debtor under Chapter 7 of Title 11 in the above-captioned case. The case has not been dismissed or closed.

7.

The defendant Midland Funding, LLC, is an entity engaged in purchase and collection of debts owed to another and as such is a debt collector as defined in the Fair Debt Collection Practices Act.   The principal office of Midland Funding, LLC, is 3111 Camino del Rio North, Suite 103, San Diego, CA 92108.  According to the electronic records of the Georgia Corporations Commissioner available to the public on line, Corporation Service Company, 2711 Centerville Rd, Wilmington, DE 19808, is the registered agent for defendant Midland Funding LLC.

8.

Defendant Coollng & Winter, LLC, is a law firm, located in Georgia, and a debt collector as that term is defined in the Fair Debt Collection Practices Act, and has its principal office located at 1355 Roswell Rd, Marietta, GA 30062, According to the electronic records of the Georgia Corporations Commissioner available to the public on line. According to those same electronic records, CSC of Cobb County, Inc., is the registered agent for Cooling & Winter, LLC.  According to the Georgia Corporation Commissioner's online records, the service address for CSC of Cobb County, Inc., is 2711 Centerville Rd, Wilmington, DE 19808.

**Factual Allegations**

9.

The underlying Chapter 7 bankruptcy case was commenced by the filing of a petition with the Clerk of this Court on April 30, 2017.  The debtor/plaintiff is an individual with primarily consumer debts on the date of the Chapter 7 filing.

10.

The 11 U.S.C. § 341 (a) meeting of creditors in the case was held in Athens, Georgia, on June 30, 2017.

11.

Prior to the filing of this case the debtor/Plaintiff was being garnished by the defendants in civil action no. 1 GSC-0842-B in the Superior Court of Forsyth County, Georgia.

12.

On information and belief of Plaintiff, the garnishment proceeding in the Superior Court of Forsyth County began prior to the date when the 90 day preference period as set forth in 11 U.S.C. § 547 began, and concluded, on information and belief of the plaintiff, prior to the filing of the Chapter 7 bankruptcy case on April 30, 2017.

13.

At the time the transfers in question were made prior to conclusion of the garnishment proceeding, Defendant Midland Funding LLC, was a creditor of the debtor, or acting on behalf of a creditor pursuant to an assignment of debt, and Defendant Cooling & Winter, LLC, and its lawyers, employees, and perhaps partners, were acting for Defendant Midland Funding LLC, in collecting the debt from Plaintiff herein.

14.

All of the transfers referenced in this Complaint were for or on account of an antecedent debt owed by the debtor to a creditor, or to Defendant Midland Funding LLC, as the result of an assignment; which debt was owed before the transfers referenced above were made.

15.

The transfers referenced in the preceding paragraphs were made while the debtor was insolvent, and prior to, or immediately after April 30, 2017.

16.

One or more of the transfers concerned with in this case were made within the ninety day period prior to the date of the filing of Debtor's petition on April 30, 2017.

17.

The transfers enabled Defendant Midland Funding LLC, as creditor or creditor's assignee to receive more than Defendant Midland Funding LLC, would have received if the case was a Chapter 7 case, the transfers had not been made, and Defendant Midland Funding LLC, had received payment of its debt only to the extent provided by the Bankruptcy Code to the other creditors.

18.

In the instant case, the Affidavit of Continuing Garnishment filed against the debtor herein in the Superior Court of Forsyth County was filed by or on behalf of Defendant Cooling & Winter, LLC, as attorney at law and law firm, for Defendant Midland Funding LLC.

19.

Common practice for attorneys and law firms such as Cooling & Winter, LLC, who file collection actions including garnishment cases on behalf of his, her, or its client(s) in Georgia, is to have the garnishment court disburse any and all of the proceeds from the garnishment court to the law firm or individual attorney, who then distributes the garnishment proceeds received to his or her client(s), in accordance with the contingency fee agreement between the collection attorney, collection agent, or law firm, and the creditor client.

20.

Plaintiff has no personal knowledge of whether the funds sought in this Adversary Proceeding were disbursed to Defendant Cooling & Winter, LLC, in the garnishment action, as would be the common practice, or sent directly to Defendant Midland Funding LLC, bypassing the attorney under whose name the garnishment proceeding was filed.  Plaintiff, however, believes the funds were sent to Defendant Cooling & Winter, LLC, since by pleading filed in Forsyth Superior Court on an attorney employee of the firm requested the funds be sent and in said pleading did not offer any address other than that of the defendant law firm for transmittal of the funds.

21.

Debtor has claimed all of the funds received by Defendants as exempt in his case and no party objected to his claim of exemption of those funds, and alternatively, the debtor can now exempt those funds recovered pursuant to 11 U.S.C. § 522 (I) (1).

22.

The Court has entered an order granting Debtor's motion to avoid judicial lien with regard to the lien Defendant Midland Funding LLC, had in all of the plaintiff's personal property.  On information and belief of Plaintiff, the order avoiding the lien of Defendant Midland Funding LLC, in all of debtor's personal property, including those funds at issue here, has not been appealed by any party.

23.

The aggregate value of all property that constituted or was affected by such transfer(s) previously referenced above was $600.00 or more.

24.

Upon information and belief of the debtor, of the total funds disbursed to and received by Defendants, none of the funds received as a preferential transfer was forwarded to the Chapter 7 Trustee assigned to this case for liquidation of assets.

25.

The debtor is entitled to recover all funds received by the defendants herein from the garnishment proceeding filed against the debtor as case no. 1GSC-0842-B, or any preceding case, from and/or in the Superior Court of Forsyth County on or after the date of January 29, 2017. Additional funds may have been "affected by" these funds and may also should be included.

26.

On information and belief of Plaintiff, the sum of $937.76 was paid in to the garnishment court and paid out to either defendant or defendants jointly during that period.

27.

The sum of $937.76 remains in possession of the defendants, individually or jointly, as a preferential transfer.

28.

Upon a finding by the court that the debtor is entitled to recover those funds received by the defendants on, after or even before the date of January 28, 2017, from garnishment action no. 1GSC-0842-B, the Superior Court of Forsyth County, the court should order the defendants to turn over those funds to the debtor pursuant to Bankruptcy Code section 11 U.S.C. §542 (a).

## Prayer for Relief

WHEREFORE, the Plaintiff having set forth his claims for relief against the defendants respectfully prays of the Court to receive a judgment against the defendants as follows:

a.     The Court enter a judgment in favor of Plaintiff and against the defendants jointly and severally in the principal amount of $937.76, which is believed to be the portion of funds taken from Plaintiff's wages during the past year and which was disbursed to the defendants during the preference period and not refunded, or the appropriate amount, all of which was claimed exempt by the plaintiff;

b.     The Court award, in accordance with Plaintiff's request, an order requiring the defendants, pursuant to 11 U.S.C. § 542, to deliver or forward the aforementioned amount, or the proper portion thereof, to the Chapter 7 Trustee appointed to administer the estate in the underlying Chapter 7 case, or to the debtor; and

c.     For the Court to grant such other and further relief as it deems just and proper.

This   3 rd  day of October, 2017.

                                        /s/ Barry Gordon Irwin
                                        _____
                                        Barry Gordon Irwin
                                        Attorney for Plaintiff/Debtor
                                        State Bar No. 384667

Post Office Box 1861
Athens, GA 30603-1861

706.548-9500  ext. 3221